# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

---

### EPITOMIZED OPINIONS
### Published only in the Abstract

No. 293

LUNDOFF-BICKNELL CO. v. SMITH, et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7779. Decided Jan. 11, 1927

Judges Farr, 7th Dist., Sayre, 4th Dist., and Washburn, 9th Dist., sitting.

**747. MANDAMUS—1. If workmen in the ordinary trades agree with their employer not to collectively quit work, and they violate such agreement, a court of equity may not compel them to resume work.**

**2. In such a case a court of equity will not make a mandatory order which is to be enforced by the remedy of contempt proceedings, unless the ultimate purpose to be accomplished by such order is one which the court is empowered to accomplish.**

First Publication of this Opinion

WASHBURN, J.

Contracts were entered into between workmen who were at work on the construction o_ the Bell Telephone Co. building in Clevelan and the employers whereby it was agreed thac "there shall be no strikes or lockouts - - - - pending a decision in accordance with the arbitration plan outlined in Article 19. Union men shall not be compelled to work with non-union men in the same trade in or on the same building." Article 19 provided in part that "For the purpose of administering this agreement, a joint arbitration committee shall be established - - - - in case any dispute or disagreement shall arise - - - same shall be reported - - - to the chairman of such joint committee. There shall be no cessation of work pending such decision."

The Lundoff-Bicknell Co. having the general contract to construct the building was a member of several of these contractor-employer organizations.

All workmen on the building were union men and on Sept. 13, 1926, the sub-contractor for painting and glazing put four non-union glaziers to work on the building and the workmen in the other crafts objected to the employment of said non-union men. Not being able to have said glaziers discharged all of the men on the job quit work at the same time whereupon this action was begun by the plaintiff in the Cuyahoga Common Pleas and obtained an order requiring the officers of the union organizations to rescind an order to strike, found to have been made by them, and enjoining them from doing anything to influence the men not to go back to work.

On appeal the case was tried de novo and the Court of Appeals held:

1. Plaintiff has not established by a preponderance of the evidence that the men quit work in obedience to any officers or agents of the unions; but we do find that they quit by concerted action and that the officers of the unions were in sympathy with the men's quitting and took no action to prevent the strike after the refusal by the contractors to remove the non-union glaziers, or to have the dispute arbitrated in accordance with said contracts.

2. The provisions of these contracts vary but they usually provide that any dispute between the parties shall be referred to an arbitration committee.

3. Considering the express objects of these agreements, the disagreement as to whether or not non-union glaziers should be permitted to work, was a dispute which the workmen in crafts other than painting and glazing, were required t osettle under the contracts.

4. If an individual employee quits work in violation of his express contract, a court of equity will not, indirectly or negatively by means of an injunction restraining the violation of the contract, compel the employee to perform his contract by performing the personal service he agreed to perform.

5. The burden of establishing a right to a perpetual injunction is upon the party claiming same and the court will grant such an injunction only when a party shows a clear right thereto. Spangler v. Cleveland (City.) 43 OS. 526.

SAYRE, J., concurring.

6. The testimony in this case is irreconcilable. The plaintiff's witnesses claiming the business agents caused the walkout and the defendant's witnesses stating that they did not.

7. A decree may be drawn dismissing plaintiff's petition and in the exercise of our discretion, we refuse to punish defendants for contempt of court in not obeying the order of the lower court, which should not have been made.

(Farr, J., concurs.)

Attorneys—Squire, Sanders & Dempsey, Stanley & Horwitz, and W. C. Merritt for plaintiff; William J. Corrigan and J. L. Mathews for defendant; all of Cleveland.